UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANNOVER LIFE REASSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:07CV1434 JCH ) |
| RANDALL SUTTON, et al., | ) ) |
| Defendant(s). | ) |

# ORDER

This matter is before the Court on the Motion for Stay of Proceedings filed by Donna J. Garrett, Special Deputy Receiver ("SDR") in Rehabilitation for Defendant National Prearranged Services, Inc. ("NPS"). (Doc. No. 98). By way of background, on May 14, 2008, the State of Texas, by and through the Office of the Attorney General, at the request of the Commissioner of Insurance, filed its First Amended Original Petition Requesting Appointment of Rehabilitator and Injunctive Relief (the "Texas Petition"). (Motion for Stay, ¶ 1).[1] The State of Texas asked the Texas Court to appoint the Texas Commissioner of Insurance as the rehabilitator of the defendants in the Texas case (including Defendant NPS), pursuant to Texas Insurance Code Section 443.101 *et seq.*, because said defendants were in hazardous financial condition, further transaction of business would be hazardous to consumers in the public, and the defendants were inextricably intertwined. (Id., ¶ 2). The State of Texas also requested a permanent injunction and automatic stay of the litigation pursuant to Texas Insurance Code Section 443.008(a), restraining the defendants and their agents

---

[1] "Rehabilitation is an insurance insolvency proceeding analogous to a Chapter 11 reorganization under the Bankruptcy Code." Wolfson v. Mutual Ben. Life Ins. Co., 51 F.3d 141, 143 n. 2 (8th Cir. 1995).

from conducting any further business, and restraining any other parties from proceeding with any actions involving the defendants or their property. (Id., ¶ 3).

On May 14, 2008, the Texas Court entered its Rehabilitation Order and Permanent Injunction in State of Texas v. Memorial Service Life Insurance Company, et al., Cause No. D-1-GV-08-000945. (Motion for Stay, ¶ 4). The Texas Court appointed the Texas Commissioner of Insurance as the Rehabilitator for the defendants, with the power to take control of the possession of the defendants' property, marshal their assets, conduct their business, and take any necessary actions appropriate to redeem or revitalize the defendants. (Id., ¶ 7). The Rehabilitation Order and Permanent Injunction also issued automatic stays of any actions involving the defendants or their property for the duration of the rehabilitation. (Id., ¶ 9).[2]

Pursuant to the Rehabilitation Order and Permanent Injunction, the SDR now moves this Court to enter an Order staying this entire matter for a period not less than ninety days.[3] (Motion for Stay, ¶ 13). The SDR maintains the motion is designed not to cause delay in these proceedings, but rather to protect the interests of the parties to this matter and to promote judicial economy. (Memorandum of Law in Support of Motion for Stay of Proceedings, P. 4).

Upon careful consideration of the parties' submissions, the Court finds a temporary stay of this matter to be appropriate. The Court therefore will grant the SDR's motion.[4]

## **CONCLUSION**

---

[2] According to the SDR, such stays are necessary to ensure an orderly rehabilitation and marshaling of the assets, and to ensure the orderly and equitable inventory of all claims against the companies and the disposition thereof. (Motion for Stay, ¶ 10).

[3] The SDR requests a stay as to all Defendants, not just NPS.

[4] Upon consideration, the Court will stay this entire litigation, rather than just the claims against Defendant NPS, as it finds the matter cannot fairly proceed without NPS's active participation.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Stay of Proceedings filed by Donna J. Garrett, Special Deputy Receiver in Rehabilitation for Defendant National Prearranged Services, Inc. (Doc. No. 98) is **GRANTED**, and this matter is **STAYED** for ninety (90) days from the entry of the Texas Court's Rehabilitation Order and Permanent Injunction, until **Monday, August 11, 2008**.

**IT IS FURTHER ORDERED** that this matter is set for a telephonic status conference on **Monday, August 11, 2008**, at **9:30 a.m.** Plaintiff is to initiate the phonecall. Chambers' telephone number is (314) 244-7600.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to file an Amended Complaint in this matter no later than **Tuesday, July 1, 2008**, is granted. Defendants will not be required to answer or otherwise respond to any Amended Complaint during the pendency of the stay.

Dated this 10th day of June, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE