UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANNOVER LIFE REASSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:07CV1434 JCH |
| RANDALL SUTTON, et al., | ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Hannover's Motion to Lift Stay on Proceedings and Amend Complaint to Remove Counts against Dismissed Defendants, filed December 11, 2008. (Doc. No. 151). By way of background, on May 14, 2008, a Texas Court entered a Rehabilitation Order and Permanent Injunction in State of Texas v. Memorial Service Life Insurance Company, et al., Cause No. D-1-GV-08-000945. The Texas Court appointed the Texas Commissioner of Insurance as the Rehabilitator for the defendants in that case[1], with the power to take control of the possession of the defendants' property, marshal their assets, conduct their business, and take any necessary actions appropriate to redeem or revitalize the defendants. The Rehabilitation Order and Permanent Injunction also issued automatic stays of any actions involving the defendants or their property for the duration of the rehabilitation.

Pursuant to the Rehabilitation Order and Permanent Injunction, on May 27, 2008, the Special Deputy Receiver ("SDR") in Rehabilitation filed a motion to stay this matter for a period not less than ninety days. (Doc. No. 98). In an Order entered June 10, 2008, this Court granted the SDR's

---

[1] Defendants in the Texas case include current Defendants National Prearranged Services, Inc. ("NPS"), and Memorial Service Life Insurance Company ("Memorial").

motion, and ordered this matter stayed until August 11, 2008. (Doc. No. 104). Upon learning that Defendants NPS and Memorial had been placed in liquidation, the Court extended the stay in this matter through subsequent orders.

On December 1, 2008, Hannover exercised its right pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, to dismiss the two Defendants in liquidation, NPS and Memorial, without prejudice. (Doc. No. 150). Hannover then filed the instant motion, requesting that the Court lift the stay on these proceedings, and permit Hannover to file a Second Amended Complaint removing its claims against the dismissed Defendants. (Doc. No. 151).

Having reviewed Hannover's Motion to Lift Stay, together with Defendants David R. Wulf and Wulf, Bates & Murphy, Inc.'s response and Hannover's reply, this Court is of the opinion that the central issue to be decided is whether Defendants NPS and Memorial are required parties under Rule 19 of the Federal Rules of Civil Procedure, such that this case may not proceed in their absence. The Court finds this issue to be especially salient, in light of the fact that several parties apparently have shifted their position on the question. Most troubling in this regard, the Court notes that in a June 3, 2008, filing, Hannover asserted as follows:

> 11. Equally, *because of the importance of NPS to the events set forth in the Complaint*, Hannover would not be able to preserve causes of action against other parties by allowing this matter to remain stayed and filing a separate cause of action against these additional defendants.
>
> 12. *Given its central role in the fraudulent scheme perpetrated against Hannover, under Fed. R. Civ. P. 19, NPS is arguably a necessary and indispensable party to any litigation regarding that scheme....*
>
> 13. ....NPS would be prejudiced if another Court, without the presence of NPS, were to render a judgment on claims arising from the same events as those in this litigation, particularly if the claims included conspiracy or other similar claims that directly implicate NPS. *If, during the stay, Hannover were to file an additional lawsuit against defendants other than NPS concerning the same events that led to the present case, the suit may be dismissed for failure to join a necessary and indispensable party*.

(Doc. No. 102, ¶¶ 11-13 (emphasis added)).  As Hannover now contends the lawsuit may proceed in the absence of both NPS and Memorial, the Court finds it appropriate to require briefing on the issue before ruling Hannover's motion.

Accordingly,

**IT IS HEREBY ORDERED** that the parties are granted until **Friday, January 23, 2009**, within which to submit briefs setting forth their positions on whether NPS and/or Memorial are necessary parties to this action, such that the case may not proceed in their absence.

**IT IS FURTHER ORDERED** that the parties are granted until **Monday, February 2, 2009**, within which to submit their responses to the other parties' position statements, if any.

Dated this 9th day of January, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE